**Paul ANETEKHAI and Mona Anetekhai**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; Edwin Meese, III as Attorney General of the United States of America; John Z. Caplinger as Director of the New Orleans District Office of the Immigration and Naturalization Service.**

Civ. A. No. 88–0827.

United States District Court, E.D. Louisiana.

June 2, 1988.

**600**

Catherine Lampard, Tulane Law Clinic, New Orleans, La., for plaintiffs.

Reneé Clark McGinty, Asst. U.S. Atty., New Orleans, La., for defendants.

DUPLANTIER, District Judge.

Plaintiffs Paul and Mona Anetekhai seek judgment declaring 8 U.S.C. § 1154(h) unconstitutional and enjoining the United States Immigration and Naturalization Service, its New Orleans District Director, and the Attorney General of the United States from enforcing its provisions. Section 1154(h) was enacted as part of the 1986 Immigration Marriage Fraud Amendments and provides that "a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage" entered into while the alien is subject to deportation proceedings "until the alien has resided outside the United States for a 2–year period beginning after the date of the marriage." We hold that § 1154(h) is constitutional and dismiss plaintiffs' complaint.

■ Plaintiff Paul Anetekhai is a Nigerian citizen who entered the United States under a student visa in 1982. At a 1986 deportation hearing, an immigration judge ordered that Paul Anetekhai voluntarily depart from the United States by January 31, 1988, or any extension beyond that date granted by the District Director, or face deportation due to violation of his student visa. While under these deportation proceedings, Paul Anetekhai married Mona Morris, a United States citizen. The District Director subsequently granted Paul Anetekhai an extension of his voluntary departure date. Near the end of this extension, plaintiffs secured a temporary restraining order enjoining defendants from deporting or detaining Paul Anetekhai until the hearing on the application for preliminary injunction. The application for preliminary injunction was heard on March 16, 1988, and was denied.

Plaintiffs contend that § 1154(h) is unconstitutional because it violates their rights to due process and equal protection under the Fifth Amendment and their rights under the First Amendment. Plaintiffs argue that imposition of the 2–year non-residency requirement violates due process by denying them an opportunity to prove the *bona fides* of their marriage, that it violates the equal protection clause by impermissibly burdening the fundamental right to marry of those aliens marrying a U.S. citizen while under deportation proceedings, and that it violates their First Amendment rights to privacy and association.

In *Fiallo v. Bell*, 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977), the Court upheld a provision of the Immigration and Nationality Act that under certain circumstances extended special preference immigration status to natural mothers and their illegitimate children. In *Fiallo*, the plaintiffs were natural fathers and their illegitimate children who challenged the special preference status for natural mothers and their illegitimate children due to its "unwarranted presumption of the absence" of strong ties between natural fathers and their illegitimate offspring. *Id.* 97 S.Ct. at 1476. In *Fiallo*, the plaintiffs claimed that the statute violated their rights to equal protection and due process under the Fifth Amendment and their rights to privacy and association under the First and Ninth Amendments. *Id.* at 1477.

In rejecting plaintiffs' claims, the Court noted that it had long recognized "the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Id.* at 1478 (citing *Shaughnessy v. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 628, 97 L.Ed. 956 (1953)). The Court upheld the statute because it had "no judicial authority to substitute ... [its] po-

litical judgment for that of the Congress" and because "it is not the judicial role in cases of this sort to probe and test the justifications of legislative decisions." *Id.* 97 S.Ct. at 1481–82.

In addition, the Fifth Circuit has stated that the "constraints of rationality imposed by the constitutional requirements of substantive due process and of nondiscrimination exacted by the equal protection component of the due process clause do not limit the federal government's power to regulate either immigration or naturalization." *In the Matter of Longstaff,* 716 F.2d 1439, 1442–43 (5th Cir.1983), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2668, 81 L.Ed.2d 373 (1984).

We decline to substitute our judgment for that of Congress. It is within Congress' plenary power over immigration matters to impose, for the purpose of deterring fraudulent marriages, a 2–year nonresidency requirement on aliens who marry U.S. citizens while subject to deportation proceedings. We dismiss plaintiffs' claims under the First and Fifth Amendments.

■ Plaintiffs also challenge the statute under the Ninth and Tenth Amendments. Plaintiffs contend that the federal statute infringes upon the regulation of marriage by the State of Louisiana because it may force plaintiffs to be divorced or legally separated under Louisiana law. A spouse's residence abroad for 2 years cannot result in a divorce or legal separation under Louisiana law unless one of the spouses makes a demand for divorce or legal separation. *See* La.C.C. art. 138; La. R.S. 9:301. The 2–year non-residency requirement will not force either spouse to seek a divorce or legal separation. We dismiss plaintiffs' claim under the Ninth and Tenth Amendments.